# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY L. BRYANT, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 19-cv-1174-NJR |
| | ) |
| IDOC and SHAWNEE CC MEDICAL DEPT., | ) |
| | ) |
|     Respondents. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Roy L. Bryant, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this petition for writ of mandamus pursuant to 735 Illinois Compiled Statues 5/14-101, *et seq.* Bryant seeks a copy of his medical records from Shawnee Correctional Center ("Shawnee") from July 13-20, 2019, and September 15, 2019, to the present.

This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Petition for Writ of Mandamus

Bryant's petition for mandamus is directed to the Circuit Court of Johnson County, Illinois, and indicates that it is filed pursuant to 735 ILCS 5/14-101 (Doc. 1). The petition was filed in this

1

Court, however, on October 28, 2019. Bryant seeks a copy of his medical records from Shawnee Correctional Center. He alleges that he has asked for a copy of his records, but the medical department has failed to provide him with requested copies (*Id*. at pp. 1-2).

## Discussion

Two different federal statutes govern writs of mandamus, and Bryant has cited neither in the Petition. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. In fact, he cites an Illinois statute rather than a federal statute. Regardless, federal courts have no authority to grant mandamus relief against state officials. *See Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials."). The Petition was opened under Section 1361, but federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Bryant does not pursue relief from an officer or employee of the United States or one of its agencies. Section 1651 also does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). Thus, this Court lacks jurisdiction to issue a writ of mandamus against the respondents, and Bryant's petition is **DISMISSED** without prejudice. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

## Disposition

For the reasons stated above, this Petition for Writ of Mandamus is **DISMISSED without prejudice** for lack of federal jurisdiction. Bryant is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provision of 28 U.S.C. § 1915(g). *See Haury v. Lemon*, 656 F.3d 521 (7th Cir. 2011).

If Bryant wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in Federal Rule of Appellate Procedure 4(a)(1)(A). If Bryant does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 12/23/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**